IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHERYL K. MONTEZ, | ) | CIV. NO. 10-00217 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING MAGISTRATE |
| vs. | ) | JUDGE'S FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| OPERATING ENGINEERS LOCAL | ) | PLAINTIFF'S MOTION FOR REMAND |
| UNION MEMBER 3; JOHN DOES 1- | ) | BE DENIED |
| 10; DANE DOES 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; DOE | ) | |
| CORPORATIONS 1-10; ROE "NON- | ) | |
| PROFIT" CORPORATIONS 1-10; | ) | |
| AND ROE GOVERNMENTAL ENTITIES | ) | |
| 1-10. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED

I.        INTRODUCTION.

        Plaintiff Cheryl K. Montez ("Montez") objects to

Magistrate Judge Barry M. Kurren's Findings and Recommendation

("F&R") that her motion for remand be denied.  Montez says that

her claims against Defendant Operating Engineers Local Union

Member 3 ("Union") are not preempted by federal labor law, that

this court lacks federal question jurisdiction, and that the

court should remand the case to state court.  This court adopts

the F&R, concluding that Montez's claims are preempted by federal

labor law and that remand is therefore inappropriate.

II.      BACKGROUND.

Montez worked for Parsons Constructors, Inc., or Parsons Construction Services, Inc., from November 2005 to May 2007.  Compl. ¶ 6.  According to Montez, her employer limited her work assignments because she was female and prohibited her from operating equipment that her male coworkers were allowed to operate.  Id. ¶¶ 9-11.  Montez says that, on May 10, 2007, she reported the allegedly discriminatory situation to the Union, and that she was fired and replaced with a male employee.  She complains that the Union failed to initiate a grievance or take action on her behalf.  Id. ¶¶ 6-9, 15-16.

In October 2008,[1] Montez allegedly filed a charge of discrimination against her employer with the Hawaii Civil Rights Commission.  Id. ¶¶ 17-18.  In June 2009, Montez filed suit against her employer in state court, asserting five state-law claims: negligence, emotional distress, wrongful termination, sexual discrimination, and punitive damages.

Since October 2008, the Union has allegedly not dispatched Montez to any other potential employer.  Id. ¶ 18.  In February 2009, Montez filed a charge of discrimination against the Union with the Hawaii Civil Rights Commission.  Id. ¶ 27. Montez received a Right-To-Sue letter in October 2009.  Id. ¶ 28.

_____

[1]In her separate state-court action against her employer, Montez alleges that she filed a charge of discrimination in February 2009, and received a Right-To-Sue letter in April 2009.

In December 2009, Montez filed the present Complaint in state court against the Union.  Montez says that the Union engaged in unlawful discriminatory practices by failing to file a grievance on her behalf and by failing to dispatch Montez to other employers.  Montez attributes the Union's failure to its attitude toward her allegation that her employer was discriminating against her.  Id. ¶¶ 20-24.  Montez states that the Union breached its duties to protect its members from being subjected to a discriminatory or hostile work environment, and to investigate or initiate a grievance.  Id. ¶ 25.

Montez claims that the Union was negligent and engaged in unlawful discriminatory practices (Count 1), that the Union's actions caused her emotional distress (Count II), that the Union sexually discriminated against her (Count III), and that the Union's actions give rise to punitive damages (Count IV).

The Union removed the case to federal court on the grounds that the court has federal question jurisdiction because Montez's state-law claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 9 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b).

Montez moved to remand, arguing that her claims are premised wholly on state law and are not preempted.

Magistrate Judge Kurren recommended that Montez's motion for remand be denied on the ground that her claims are

completely preempted by the LMRA because they all require

interpretation of a collective bargaining agreement ("CBA").

Montez v. Operating Eng'rs Local Union No. 3, 2010 WL 2640150, *1

(D. Haw. June 30, 2010).

Montez now objects to the F&R, arguing that her claims

do not require interpretation of the CBA.  She further argues

that the case should be remanded as a matter of judicial economy.

Alternatively, she requests that the court allow her to join her

former employer in this case as an indispensable, necessary, or

required party pursuant to Rule 19 and Rule 20 of the Federal

Rules of Civil Procedure.

III.      STANDARD OF REVIEW.

A district court reviews de novo those portions of a

Magistrate Judge's findings and recommendation to which an

objection is made and may accept, reject, or modify, in whole or

in part, the findings and recommendation made by the Magistrate

Judge.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b); Local Rule

74.2.  A court may accept those portions of an F&R that are not

objected to if it is satisfied that there is no clear error on

the face of the record.  United States v. Bright, 2009 WL

5064355, *3 (D. Haw. Dec. 23, 2009).  The district court may

receive further evidence or recommit the matter to the Magistrate

Judge with instructions.  28 U.S.C. § 636(b)(1).  A court must

arrive at its own independent conclusions about those portions of

the Magistrate Judge's F&R to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 617 (9th Cir.1989); Bright, 2009 WL 5064355, *3; Local Rule 74.2.

IV.      ANALYSIS.

        Montez argues that her claims are not preempted, that the court should remand based on the interest of judicial economy, and that, alternatively, the court should join her former employer as a party.  This court is not persuaded by her arguments or her request.

        A.       Montez's Claims Are Preempted.

        Montez argues that the Magistrate Judge erred in concluding that her claims are preempted by the LMRA.  This court disagrees with Montez.

        Section 301 of the LMRA creates a federal claim for breaches of collective bargaining agreements.  Miller v. AT&T Network Sys., 850 F.2d 543, 545 (9th Cir. 1988).  "[E]ven suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'"  Id. (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)).  Thus, state-law claims that require interpretation of a labor contract's terms are preempted by § 301.  Id.; see also Adkins v. Mireles, 526 F.3d 531, 539 (9th

5

Cir. 2008) (stating that the LMRA preempts state-law claims that are substantially dependent upon analysis of a labor contract's terms).  Preemption is based on the reasoning that interpreting CBA terms might result in different meanings under different state and federal laws and this would disrupt the negotiation and administration of CBAs.  Lueck, 471 U.S. at 210-211; Balacorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1109 (9th Cir. 2000).

Despite § 301's considerable scope, it does not preempt all suits concerning employment.  Miller, 850 F.2d at 545.  If a claim that involves state rights does not require interpretation of the terms of a CBA, the claim is not preempted.  See id. at 545-46; Cramer v. Consol. Freightways Inc., 255 F.3d 683, 693 (9th Cir. 2001) (state-law claims are not preempted under § 301 unless they necessarily require the court to interpret an existing provision of a CBA relevant to the dispute).  Thus, claims premised on nonnegotiable state-law rights independent of any right established by contract are not preempted.  Miller, 850 F.2d at 546 (citation omitted); see also Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 261 n.8 (1994) (noting that mere consultation with a CBA does not require preemption when the meaning of a contract term is not the subject of dispute).

Of course, determining whether a state-law claim requires interpretation of a CBA (and thus is preempted by the

LMRA) or merely requires reference to a CBA (and thus is not preempted) is not necessarily easy to determine.  <u>Balacorta</u>, 208 F.3d at 1108.

In determining whether a plaintiff's state-law claim is preempted under the LMRA, the Ninth Circuit has utilized a two-part inquiry.  First, a court must consider whether the plaintiff's asserted cause of action involves a right conferred on the plaintiff by virtue of state law or is instead grounded in a CBA.  <u>Burnside v. Kiewit Pacific Corp.</u>, 491 F.3d 1053, 1059 (9th Cir. 2007).  In doing so, the court considers the legal character of the claim.  A court must analyze whether the claim asserts rights independent of rights under the CBA, not whether a grievance arising from precisely the same set of facts could be pursued.  <u>Id.</u> at 1059-60.

Second, and in the event the plaintiff's right is independent of the CBA, the court must consider whether it is nevertheless "substantially dependent on analysis of a [CBA]."  <u>Id.</u>; <u>see also</u> <u>Saenz v. Kaiser Permanente Int'l</u>;, 2010 WL 668038, *3 (N.D. Cal. Feb. 19, 2010).  It is in this analysis that the court must determine whether a claim requires interpretation of a CBA (implicating preemption), or mere reference to a CBA (not implicating preemption).  <u>Id.</u>

Montez's claims are preempted because they all require a court to interpret the CBA.

1.          Count I

In Count I, Montez asserts that the Union violated
Hawaii discrimination law when it failed to initiate a grievance,
dispatch her to another employer, and investigate her complaints.

This court looks first at whether Montez is asserting
the violation of a right conferred by state law.  An individual
has a state-law right to be free from gender discrimination or
retaliation in the workplace.  This court turns next to the issue
of whether this claim is nevertheless substantially dependent on
analysis of the CBA.  Montez's claim is indeed substantially
dependent on analysis of the CBA.

Montez's claim is grounded on the Union's alleged
failures to initiate a grievance, to dispatch her, and to
investigate her complaints.  Montez alleges that the Union's
failure to act constitutes unlawful discrimination under Hawaii
law.  But any duties the Union has to initiate a grievance,
dispatch her, and investigate her complaints arise solely from
the CBA.  In other words, the Union has no duty, separate from
the CBA, to take such action.  Therefore, to ascertain whether
the Union's failure to take action amounts to discrimination
under Hawaii law, a court must analyze what duties a Union has to
its members to determine whether the Union had to act in the
first place.  These duties must be articulated in the CBA.

Montez says that the ultimate question in her claim is not whether the Union violated the CBA, but whether the Union's conduct constitutes unlawful discrimination, a question that does not require interpretation of the CBA.  Theoretically, a plaintiff may assert a discrimination claim against a union that does not require interpretation of the CBA.  But when, as here, a plaintiff's discrimination claim is based on allegations that the Union owed duties or breached such duties arising from the CBA itself, then the CBA is implicated and the plaintiff's claims require analysis of the CBA.  As the Magistrate Judge noted, "Because any duty relating to the filing of grievances and dispatching of members arises solely from the CBA, the evaluation of Plaintiff's claims is inextricably intertwined with consideration of the terms of the CBA."  Montez, 2010 WL 2640150 at *5 (internal quotations omitted).

Montez herself states that "claims in the instant case turn not on whether Defendant violated the CBA with regard to its treatment of Plaintiff, but rather, whether any such violation was in furtherance of discrimination against Plaintiff." Objection at 4.  Of course, determining whether a violation of the CBA furthered discrimination requires an initial determination that a violation occurred, which in turn requires interpretation of the CBA.

9

Count I is preempted by the LMRA because it requires interpretation of the CBA.

2.        <u>Count II</u>

In Count II, Montez asserts that the Union intentionally and negligently caused her emotional distress. This Count, like Count I, is preempted by federal law.

In applying the first step in a determination of whether Montez's claim is premised on a right arising from the CBA or from state law, this court concludes that a right to be free from emotional distress is not directly implicated in the CBA.  However, the CBA dictates how the Union should act and respond to employee requests.  Even if the court assumes for purposes of this order that Montez asserts a right arising out of Hawaii law, not the CBA itself, <u>see</u> <u>Burnside</u>, 491 F.3d at 1059, Montez's claim fails at the second step, which examines whether the claim requires analysis of the CBA and is therefore preempted.

For her intentional infliction of emotional distress claim, Montez must establish, among other things, that the Union acted outrageously.  <u>Enoka v. AIG Haw. Ins. Co., Inc.</u>, 109 Haw. 537, 539, 128 P.3d 850, 872 (2006) (citations omitted).  The basis of the intentional infliction of emotional distress claim appears to be the Union's failure to initiate a grievance, dispatch Montez to jobs, and investigate her complaint.  The CBA

sets forth any obligation the Union had in these areas.  Thus, a determination as to whether the Union acted outrageously must turn in large part on whether the Union abided by the CBA.  Given the basis of the claim, a court would have to construe the CBA to determine whether the Union abided by the CBA.  See Price v. Molokai General Hosp., 2010 WL 715413 (D. Haw. Mar. 1, 2010) (noting that a plaintiff's intentional infliction of emotional distress claim is preempted when the CBA sets forth the procedures the defendants must comply with).

     Montez claims not only intentional infliction of emotional distress, but also negligent infliction of emotional distress.  For her negligent infliction of emotional distress claim, Montez must show that the Union was negligent in some manner and that the negligence caused injury.  Doe Parents No. 1 v. State, Dep't of Educ., 100 Haw. 34, 69-70, 58 P.3d 545, 580-81 (2002).  Again, Montez claims that the Union was negligent in failing to initiate a grievance, failing to dispatch her, and failing to investigate.  Any such duties arise from the CBA itself.  Determining whether the Union was negligent (whether it breached such duties) requires interpretation of the CBA.  Thus, Montez's negligent infliction of emotional distress claim is preempted.

3.          Count III

In Count III, Montez claims that the Union sexually discriminated against her.  Count III is also preempted.

This court agrees with Montez that she has an independent state law right to be free from sexual discrimination.  See Foster v. Richardson, 843 F. Supp. 625, 629 (D. Haw. 1994).  However, Montez's claim requires interpretation of the CBA.  Montez claims that the Union's unlawful conduct "unreasonably interfered with her *rights as a union member* to pursue gainful employment through and/or by/with the assistance of the Union."  Compl. ¶ 37.  Resolution of this claim would require the court to determine what rights Montez had and whether the Union interfered with those rights.  The rights Montez has as a Union member arise solely from the CBA.  Additionally, when, as here, a plaintiff alleges that her Union discriminated against her based on her sex when the Union failed to carry out duties arising from the CBA, then the CBA itself is directly implicated and requires interpretation.  Accordingly, Count III is preempted.

4.          Count IV

In Count IV, Montez seeks punitive damages.  This claim cannot proceed if Counts I, II, and III are preempted.  Any right to punitive damages under Hawaii law is premised on a claimant's right to recover other damages.  That is, no Hawaii law permits

12

recovery of punitive damages independent of recovery of some
other damage (statutory, compensatory, or nominal).  As Montez's
claim is derivative of her other claims, Montez does not have an
independent state law right to punitive damages.  And any claim
for punitive damages is based on the Union's alleged duties
arising solely from the CBA.

In urging that all of her claims be allowed to proceed
in state court, Montez relies heavily on Foster v. Richardson,
843 F. Supp. 625 (D. Haw. 1994).  That case, which is not
controlling here, is, in any event, inapposite.  In Foster, the
plaintiff had filed a state-court suit against her employer and
union (among others).  Her claims included sex discrimination,
sexual harassment, intentional infliction of emotional distress,
and breach of the covenant of good faith.  Id. at 627.  The case
was removed to federal court.  Id.  After removal, the plaintiff
dismissed all claims against the union, then moved to remand the
case.  The court granted the motion, concluding that the
plaintiff's remaining claims (gender discrimination and
retaliatory discharge) asserted against her employer were not
preempted by the LMRA.  Id. at 629.  Notably, no claim remained
against the union or had anything to do with the CBA itself.  By
contrast, Montez's claims directly implicate the CBA, as Montez
says the Union failed to fulfil duties owed to her as a union
member.

13

B.              Duty of Fair Representation

The Union argues that Montez's state-law claims are
also claims that the Union violated its duty of fair
representation, and that such claims are preempted by the NLRA.
The Union says that this conclusion "is implicit in the
magistrate's decision because otherwise there would be no basis
for continued federal jurisdiction."  Response at 7 n.2.
However, the Magistrate Judge concluded that Montez's claims were
subject to LMRA preemption, and explicitly declined to reach the
issue of whether they were also preempted by the NLRA.  This
court similarly declines to reach the issue of NLRA preemption,
as LMRA preemption, standing alone, is sufficient to preclude
remand.  See Woodell v. Int'l Bhd. Of Elec. Workers, Local 71,
502 U.S. 93, 101 (1991) (noting that the § 301 suits are not
limited to suits brought by the contracting parties); see also
Local 159, 342, 343, & 444 v. Nor-Cal Plumbing, Inc., 185 F.3d
978, 984 (9th Cir. 1999) ("Section 301 does not limit the parties
who may bring suit so long as the object of the suit is the
enforcement of rights guaranteed by an agreement between an
employer and a labor organization.").  NLRA issues and/or further
jurisdictional challenges remain for adjudication on such other
motions as may be filed.

14

C.   Judicial Economy Does Not Militate in Favor of Remand.

Montez argues that this case should be remanded to state court, where her case against her former employer is pending, as the present case involves the same facts as that case.  She argues that consolidation of her claims against the Union and the employer would avoid a needless strain on judicial resources.  This argument is unavailing given the federal preemption of her state-law claims.

Even if preemption did not preclude remand, Montez's judicial economy argument would fail.  It is Montez herself who filed two separate cases in state court--one against her employer, one against the Union.  She did not attempt to add the Union as a defendant in her state-court case against her employer; instead, she filed an entirely separate case.  Montez cannot argue that remand would serve economy when the state court would still have to deal with two separate cases.

D.   Montez's Request For Joinder is Denied.

Finally, Montez says that this court should join her employer as a defendant in this case under Rule 19 and/or Rule

15

20[2] of the Federal Rules of Civil Procedure.  This court denies
this request.

Rule 19(a) of the Federal Rules of Civil Procedure
provides that a person whose joinder will not deprive the court
of subject-matter jurisdiction must be joined if the court cannot
accord complete relief among the existing parties, or the person
claims an interest relating to the subject of the action.  Fed.
R. Civ. P. 19(a).  The Ninth Circuit interprets Rule 19 as
requiring a "three-step process."  United States v. Bowen, 172
F.3d 682, 688 (9th Cir. 1999); see also EEOC v. Peabody W. Coal
Co., 400 F.3d 774, 778 (9th Cir. 2005).  "First, the court must
determine whether the absent party is 'necessary.'"  Id.  "If the
absent party is 'necessary,' the court must determine whether
joinder is 'feasible.'"  Id.  "Finally, if joinder is not
'feasible,' the court must decide whether the absent party is
'indispensable.'"  Id.

A party is "necessary" in two circumstances: when
complete relief is not possible without the absent party's
presence, or when the absent party claims a legally protected
interest in the action.  Id.  Montez has not established that her

---

[2]In her Objection, Montez seeks joinder under only Rule 19.
She filed what she termed "errata" to her Objection on July 14,
2010, seeking joinder under Rule 20.  That same day, the Union
filed its response.  The Union possibly was unaware of this
change, as Montez filed her "errata" at 4:30 p.m., and the Union
filed its response at 3:28 p.m.

employer is a necessary party to this action, especially when Montez has a separate case proceeding against her employer and when her employer has not claimed any interest in the present action.  As her employer is not a necessary party, the court need not consider whether joinder would be feasible.

Montez also seeks to add her employer as a party under Rule 20 of the Federal Rules of Civil Procedure.  That rule permits permissive joinder of defendants when a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2).  Having failed to raise this issue before the Magistrate Judge and having raised this issue only in "errata" to her Objection, Montez does not establish that this court should permit her to add her employer to this action.

V.          CONCLUSION.

This court adopts the F&R, concluding that the LMRA preempt Montez's claims.  The motion to remand is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 23, 2010



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Montez v. Operating Engineers Local Union Number 3, Civ. No. 10-217, Order
Adopting Magistrate Judge's Findings and Recommendation That Motion For Remand
be Denied.