IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHERYL K. MONTEZ,          )<br>                            )<br>          Plaintiff,      )<br>                            )<br>     vs.                    )<br>                            )<br>OPERATING ENGINEERS LOCAL   )<br>UNION MEMBER 3; JOHN DOES 1-)<br>10; DANE DOES 1-10; DOE     )<br>PARTNERSHIPS 1-10; DOE      )<br>CORPORATIONS 1-10; ROE "NON-)<br>PROFIT" CORPORATIONS 1-10;  )<br>AND ROE GOVERNMENTAL ENTITIES)<br>1-10.                       )<br>                            )<br>          Defendants.       )<br>_____ ) | CIV. NO. 10-00217 SOM/BMK<br><br><br>ORDER DISMISSING BREACH OF<br>THE DUTY OF FAIR<br>REPRESENTATION CLAIMS |

ORDER DISMISSING BREACH OF THE DUTY OF FAIR REPRESENTATION CLAIMS

I.      INTRODUCTION.

On December 24, 2009, Plaintiff Cheryl K. Montez filed a Complaint in state court against her union, Defendant Operating Engineers Local Union Member 3 ("the Union"). Montez alleges that she complained to the Union that her employer had discriminated against her by limiting work assignments, prohibiting her from operating certain equipment, terminating her employment on May 10, 2007, and replacing her with a male. Montez alleges that the Union failed to investigate her claims and failed to file a grievance against her employer, and that, in October 2008, she filed a charge of discrimination herself. Montez alleges that the Union has since discriminated against her by failing to dispatch her to job sites.

Montez's state-court Complaint was removed to this court on April 15, 2010. On July 23, 2010, this court denied Montez's motion to remand this matter to state court, ruling that Montez's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Under well-established law, Montez's claims are considered to have arisen under federal law. The court therefore deems Montez's failure to investigate and failure to grieve claims to be claims asserting the Union's breach of the duty of fair representation.

Because Montez's duty of fair representation claims are barred by the applicable six-month limitation period, those claims are dismissed, and the Union's motion for partial dismissal, ECF No. 16, is granted.

II.     MOTION TO DISMISS STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure states: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as

one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered on a Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or that

contradict exhibits attached to the complaint.  <u>Sprewell</u>, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).  A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitations.  <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976).

III.   <u>BACKGROUND.</u>

Montez worked for Parsons Constructors, Inc., or Parsons Construction Services, Inc., from November 2005 to May 2007.  Compl. ¶ 6.  Montez claims that Parsons discriminated against her by limiting her work assignments, prohibiting her from operating equipment that her male coworkers were allowed to operate, and ultimately firing her.  <u>Id.</u> ¶¶ 9-11.  Montez says that she reported the allegedly discriminatory situation to the Union on May 10, 2007.  She says that the Union failed to investigate her claims or initiate a grievance on her behalf.  <u>Id.</u> ¶¶ 15-16.

Montez alleges that she filed a charge of discrimination herself against Parsons in October 2008.  <u>Id.</u> ¶ 17

Montez alleges that the Union has allegedly not dispatched Montez to any other potential employer since October 2008.  Id. ¶ 18 ("From the date that Plaintiff filed her Charge of Discrimination . . . , Defendant . . . has not dispatched Plaintiff to any potential employer and/or job site.").

IV.     ANALYSIS.

On July 23, 2010, this court ruled that section 301 of the LMRA preempted Montez's state-law claims.  See ECF No. 14.  Under well-established precedent, those claims are considered to have arisen under federal law.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").  To the extent Montez asserts claims in the Complaint arising out of the Union's failure to investigate Parson's alleged discrimination or the Union's failure to initiate a grievance on Montez's behalf, the court deems those claims to be claims that the Union breached its duty of fair representation.

"The duty of fair representation is a judicially established rule imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit." Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985).  Because unions represent the

5

interests of all employees, unions have a duty to serve the interests of all members without hostility or discrimination toward any particular member.  Id. (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 n.14 (1983)).  A union breaches its duty of fair representation when its conduct toward a member is arbitrary, discriminatory, or in bad faith.  Id.

Any claim that the Union breached its duty of fair representation is governed by a six-month statute of limitation. See Stone v. Writer's Guild of Am. W., Inc., 101 F.3d 1312, 1314 (9th Cir. 1996) ("Stone's claim for breach of the duty of representation is governed by the six month federal statute of limitations."); accord Galindo v. Stoody Co., 793 F.2d 1502, 1508-09 (9th Cir. 1986).  There is no dispute that the applicable six-month statute of limitation "in a duty of fair representation case . . . generally begins to run when the employee knows or should know of the alleged breach of duty of fair representation by a union."  Kozy v. Wings W. Airlines, Inc., 89 F.3d 635, 640 (9th Cir. 1996); but see Harper v. San Diego Transit Corp., 764 F.2d 663, 669 (9th Cir. 1985) (noting that a duty of fair representation claim accrues "from the last day that both the Union and the employer could have finally resolved the dispute").

According to the Complaint, Montez reported the alleged discrimination by her employer to the Union on May 10, 2007. Montez alleges that the Union breached its duty to her of

investigating her claims and filing a grievance on her behalf. Because Montez did not file the present action until December 24, 2009, the Union argues that her claims are untimely.  The Union's argument turns on when Montez knew or should have known that the Union failed to investigate her claims and/or file a grievance on her behalf.

It is undisputed that the Union's duties to investigate alleged discrimination by Parsons and/or file a grievance for that alleged discrimination arise out of the collective bargaining agreement ("CBA") the Union has with Parsons.  On a Rule 12(b)(6) motion to dismiss, this court is generally limited to examining the four corners of the Complaint.  However, this court may also examine documents that are "incorporated by reference" into the Complaint.  The Ninth Circuit has ruled that this court, on a Rule 12(b)(6) motion, may examine documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party.  See Branch, 14 F.3d at 453-54. The Ninth Circuit has extended this "incorporation by reference" doctrine

> to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.

Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

In <u>Parrino v. FHP Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1998), the Ninth Circuit ruled that a district court properly examined a group health insurance plan when the plaintiff had claimed that health insurance coverage was improperly denied and the plaintiff did not dispute the authenticity of the documents examined.  The CBA in this case is similar to the health insurance plan at issue in <u>Parrino</u>, as there is no dispute that Union's duties to Montez arose out of the CBA.  At the hearing on the present motion, Montez stated that she had no dispute as to the authenticity of the page of the CBA attached to the motion.  The court therefore considers that page even though it was not attached to the Complaint.

According to section 23.01.03 of the CBA, the Union was required to file grievances with Parsons within twenty days, unless a termination was involved, shortening that time frame to ten days.  Montez's Complaint alleges that she was terminated by Parsons on May 10, 2007, and that she met with her Union that same day to report the alleged discrimination.  According to the CBA, the Union was required to file a grievance within ten days of Montez's termination.  The Union allegedly did not do so.

In the motion, the Union argues that Montez should have known about its alleged failure to investigate and timely file a grievance when the time for filing the grievance expired in May 2007.  The Union therefore argues that the six-month limitation

period expired six months later, in November 2007.  In her opposition, Montez does not dispute the Union's contention that she should have known about the Union's failure to investigate and timely file a grievance when the time for filing the grievance expired in May 2007 under section 23.01.03 of the CBA. Montez argues only that the applicable statute of limitation did not run because the Union's conduct constituted a continuing violation.  The court therefore rules that the six-month limitation period began to accrue ten days after Montez was terminated, in May 2007.  Montez did not sue the Union until December 2009.

  Montez alleges that the Union has allegedly not dispatched Montez to any other potential employer since October 2008.  Id. ¶ 18 ("From the date that Plaintiff filed her Charge of Discrimination . . . , Defendant . . . has not dispatched Plaintiff to any potential employer and/or job site.").  She claims that this post-October 2008 conduct amounted to a continuing violation that prevents the running of the limitation period.  This court is not persuaded.  Even assuming that a continuing violation tolls the applicable limitation period, Montez cannot rescue claims that became time-barred in November 2007 by looking to conduct of a different nature that occurred in and after October 2008.  The Union's failure to investigate and grieve the alleged discrimination by Parsons is not part of a

9

pattern or repeated conduct.  The alleged failure to investigate and grieve involved discrete acts occurring in 2007, approximately one-year before the Union allegedly began to refrain from sending Montez to job sites.  See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002) (holding that the continuing violations doctrine may toll a limitation period when the "very nature" of the injury at issue "involves repeated conduct" rather than "discrete acts").

Because Montez has not demonstrated any reason to toll the running of the six-month limitation period, her duty of fair representation claims are time-barred.

V.      CONCLUSION.

For the foregoing reasons, the court grants the Union's motion for partial dismissal of the duty of fair representation claims.  This order leaves for further adjudication Montez's failure to dispatch claims.



IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 29, 2010.

    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Montez v. Operating Engineers Local Union No. 3, Civ. No. 10-00217 SOM/BMK: ORDER DISMISSING BREACH OF THE DUTY OF FAIR REPRESENTATION CLAIMS